

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

BILAL HAIDER
*Senior Counsel*
Phone: (212) 356-3549
Fax: (212) 356-3509
bhaider@law.nyc.gov

January 15, 2019

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Diakel Clarke v. The City of New York, et al.,
               18-cv-7300 (ENV)(SJB)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant City of New York in the above-referenced matter. Defendant writes to respectfully request (1) an enlargement of time from January 16, 2019 until March 20, 2019 to answer or otherwise respond to plaintiff's complaint and (2) that the Court compel plaintiff to provide the Office of the Corporation Counsel a properly executed § 160.50 release to allow this Office to access the plaintiff's underlying police and prosecution records. Plaintiff's counsel, Vikrant Pawar, Esq., consents to defendant's request for an enlargement of time to answer or other respond; however, plaintiff's counsel objects to producing an executed § 160.50 release because defendant does not agree to produce records obtained pursuant to the release prior to defendant filing its answer or response. Plaintiff's counsel indicates that he will oppose this motion to compel in writing.

A.   **Background**

By way of background, plaintiff alleges, *inter alia*, that, on May 1, 2016, he was subjected to an unlawful seizure, unlawful search, use of excessive force, malicious prosecution, denial of a right to fair trial, unlawful taking, excessive bail, and deliberate indifference. Specifically, plaintiff alleges that he was lawfully inside of a "Bodega" when police officers arrested him without probable cause and transported to the 75th precinct. Plaintiff further claims that he was stripped search by police officers, who took his phone and $680 and refused to provide him with a voucher. Furthermore, plaintiff claims he spent 3 nights in jail because he could not afford bail and all charges against him were eventually dismissed and sealed. (Compl. at ¶ 22).

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City needs time to investigate the allegations set forth in the complaint including, but not limited to, identifying any unnamed officers who may have been involved in the underlying incident. This investigation is necessary for the City to evaluate the claims in the complaint and properly respond to the allegations therein. In order to properly investigate plaintiff's claims, this Office needs access to the underlying police and prosecution records, which are sealed pursuant to N.Y. Crim. Proc. Law § 160.50 following the dismissal of the underlying criminal charges against plaintiff.

B.   **The Court Should Compel Plaintiff to Provide the Necessary Releases**

Notwithstanding defendant's very clear need for the N.Y.C.P.L. § 160.50 release, plaintiff's counsel is refusing to provide the release unless defendant agrees to produce any documents obtained *prior* to filing an answer or response to plaintiff's complaint. Plaintiff's suggestion that the parties engage in pre-Answer discovery, however, is not supported by the Federal Rules of Civil Procedure nor any case law.[1]

Courts have consistently held that production of a § 160.50 release is not considered discovery, and should be produced prior to defendant's answer, because plaintiff has already implicitly waived any right to privacy provided by § 160.50 by filing an action challenging the underlying arrest. Cabble v. Rollieson, 04 Civ. 9413 (LTS) (FM), 2006 U.S. Dist. LEXIS 7385 at 28 (S.D.N.Y. February 26, 2006); See also Green v. Montgomery, 43 F. Supp. 2d 239, 244 (E.D.N.Y. 1999) (discussing implied waiver of confidentiality).  Thus, defendant should have access to the sealed documents at the inception of the lawsuit and before responding to the Complaint. See Wilson v. New York City Police Dept., 18 Civ. 5219 (LDH) (SJB) (E.D.N.Y. Nov. 20, 2018), ECF Dkt. ¶ 24; (court directed plaintiff to produce an executed N.Y. CPL §160.50 release because defendant is entitled to obtain plaintiff's police records when plaintiff's claims directly involve such records); See also, e.g., Perez v. City of New York, No. 02 Civ. 3670 (WK), 2003 U.S. Dist. LEXIS 7063 (S.D.N.Y. Apr. 10, 2003) (dismissing complaint when plaintiff failed to provide N.Y. CPL §160.50 release necessary to file an answer). As a result, defendant is entitled to access plaintiff's sealed police records.

---

[1] Consistent with its obligations, defendant City will provide plaintiff with the documents received pursuant to the any releases during the course of discovery in this action and, if appropriate, in accordance with Rule 26.

Plaintiff's refusal to provide the N.Y.C.P.L. § 160.50 release is simply an effort to create an issue where none should exist. Accordingly, defendant respectfully requests (1) an enlargement of time from January 16, 2019 until March 20, 2019 to answer or otherwise respond to plaintiff's complaint and (2) that plaintiff be compelled to return a fully executed §160.50 release to this Office. Thank you for your consideration of this request.

                                Respectfully submitted,

                              _____/s/_____
                              Bilal Haider
                              Senior Counsel

cc:    Vikrant Pawar, Esq. (Via ECF)
        20 Vesey Street
        Suite 1210
        New York, NY 10007
        (212) 571-0805
        vik@pawarlaw.com