# PAWAR LAW GROUP P.C.
ATTORNEYS AT LAW

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL. (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

ROBERT BLOSSNER
VIK PAWAR

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

January 15, 2019

**BY ECF**
The Honorable Sanket J. Bulsara
United States Magistrate Judge

Re:  *Clarke v. The City of New York, et al.*, 18 CV 7300 (ETV) (SJB)

Dear Judge Bulsara:

      I represent the plaintiff in this action. I write to outline plaintiff's position with respect to the §160.50 Release and that it is not "simply an effort to create an issue where none should exist" as suggested by defendant City's counsel.

      Defendant City automatically assumes that the Court would grant them <u>extra</u> 60 days to respond to a complaint and plaintiff has resigned to that inevitability. However, plaintiff simply requests that the City provide us with materials obtained pursuant to the Release. Not only would such production advance the case (by providing names of John Doe defendants) but would also be fundamentally fair since it would allow both parties to have access to same materials that is obtained pre-answer and not having to wait for formal discovery.

      It is difficult to fathom why the City would not want to share discovery that it obtains thanks to plaintiff's §160.50 Release or why it could not share the names of the officers who arrested plaintiff by simply calling the desk sergeant at the 75th precinct and obtaining the command log from the date of the arrest. This would facilitate plaintiff's ability to amend the complaint and replace the John Doe defendants, a proper and efficient objective for the Court and parties.

1

It would seem that plaintiff's suggestion would be consistent with Federal Rule 1[1] and would avoid delay by allowing plaintiff to amend and serve the individual defendants and remain on schedule for the initial conference which is scheduled for March.

For the above reasons, plaintiff respectfully requests that the City utilize their <u>extra</u> 60 day time to "investigate the complaint" not only to obtain names of the individual defendants but also share with plaintiff the discovery it obtains from the §160.50 Release.

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc:   Defense Counsel (by ECF)

---

[1] The Federal Rules "**should be construed, administered, and employed by the court** and the parties to secure the **just, speedy**, and inexpensive determination of every action and proceeding." (emphasis added)